JONES, JUDGE:
The claimants, Sylvester Bird and State Farm Mutual Automobile Insurance Company, seek recovery for damages to a 1969 2-door Pontiac Catalina automobile, owned by Bird and insured for $50.00 deductible collision coverage by the insurance company, alleging that the corner of the blade of a snow plow or grader, operated by the respondent’s employee, collided with and *92 caused the damage to the automobile. The amount of damages, estimated and claimed as $565.39, is not contested.
During a heavy snowfall, on March 17, 1973, at approximately 5:30 p.m., claimant Bird was forced by hazardous road conditions to park his vehicle along the side of State Route 33, about 5 miles east of Spencer in Roane County. He testified that he left his car about 3 feet from the edge of the pavement, locked the doors, and then returned to his home in Spencer with a friend who had been with him on a fishing trip and had chains on his tires.
At about 10:00 o’clock the following morning, claimant Bird returned to his vehicle and found a cut along the left side from the rear bumber to the center of the door, obviously inflicted by a sharp object. Claimant Bird testified that the snow had been stacked along side the highway to a depth of about 12 inches, and that it “was pushed up and rolled back in approximately four inches from the gash where the car was cut open and there was snow under it.” Claimant Bird went to the District Office of the respondent, where he was told that the highway had been plowed but that the respondent’s employees had reported no accidents.
Eugene Rhodes, a grader operater for the respondent, testified that he had plowed Route 33 from about 6:00 p.m. to 10:30 p.m. on March 17; that the grader was equipped with a 12-foot blade, about 18 inches high and not extending outside the tractor wheels; that the operating speed of the tractor was 5 to 8 miles per hour; that he saw an automobile parked along the road in front of the office of Joe Cann, a veterinarian, where claimant Bird said he left his car; that he passed the car with the wheels and blade of the tractor on the highway; and that he made no contact with the parked vehicle.
It appears to the Court that the speculative, circumstantial evidence of the claimants may not be deemed to approach the preponderance required for a recovery in this case, particularly in view of the direct, adverse testimony of the respondent’s operator, who was the only person having certain knowledge of the snow plowing operation.
Accordingly, it is the opinion of the Court that the claimants have not proved the allegations of their complaint, and their claim is disallowed.
Claim disallowed.